UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                              CASE NO.

PINAL J. SHAH                                       05-01929-5-ATS

    DEBTOR


ORDER REGARDING MOTION FOR TURNOVER AND
MOTION TO DETERMINE APPLICABILITY OF AUTOMATIC STAY

The matters before the court are the motion for turnover filed by the debtor and the motion to determine the applicability of the automatic stay filed by Peoples Community Bank. A hearing took place in Raleigh, North Carolina on July 14, 2005.

Pinal J. Shah filed a petition for relief under chapter 13 of the Bankruptcy Code on May 11, 2005. Peoples Community Bank ("PCB") holds a judgment against Ms. Shah, and on May 2, 2005, the sheriff faxed a notice of levy to Ms. Shah's bank, Bank of America. Upon receipt of the notice from the sheriff, Bank of America placed a hold on the debtor's account and advised Ms. Shah that it would forward a check to the sheriff in approximately ten days. On May 12, 2005, after learning of the bankruptcy filing, the sheriff faxed another letter to Bank of America purporting to cancel the levy, but on the same day Bank of America remitted the entire balance on deposit in Ms. Shah's joint checking account (approximately $52,000) to the sheriff. PCB filed a motion to determine the applicability of the automatic stay to

determine whether the transfer of funds to the sheriff violated the stay.  An interim order was entered on May 23, 2005, directing the sheriff to return funds exceeding the judgment amount of $39,671 to the debtor and reserving the question of whether PCB held a valid prepetition judicial lien.

Ms. Shah filed a motion for turnover, contending that the sheriff's release of the levy on May 12, 2005, defeated any prepetition lien that PCB may have had.  At a hearing on June 23, 2005, Ms. Shah also contended that most of the funds taken by the sheriff are not leviable, either because they belonged to her non-debtor spouse or because they were recent earnings exempt under North Carolina General Statute § 1-362.[1]  Ms. Shah's primary argument, however, is that the levy was not complete until the sheriff gained possession of the funds, which was after Ms. Shah filed bankruptcy and the automatic stay went into effect.  Because the automatic stay stopped the process, she contends, the levy was never complete and there is no valid lien.

North Carolina General Statute § 1-313 sets forth the form of execution for particular types of property.  Section (a) addresses personal property, and provides

> (1) Against Property--No Lien on Personal Property until Levy.--If it is against the property of the judgment debtor, it shall require the officer to satisfy the judgment out of his personal property; . . . but no execution against the

---

[1] The parties have agreed that if the levy was valid, the amount of the lien is $20,000.

2

> property of a judgment debtor is a lien on his personal property, as against any bona fide purchaser from him for value, or as against any other execution, except from the levy thereof.

N.C. Gen. Stat. § 1-313. Ms. Shah contends that this section requires the sheriff to have taken actual possession of the funds for the levy to be complete, while PCB contends that the lien was perfected when the sheriff issued the notice of levy to the bank.

The lien was created when the levy was issued, not when the funds were turned over to the sheriff. Once the sheriff sent the notice of levy to Bank of America, the bank was not free to release the funds to any party other than the sheriff, including the debtor, absent further instructions from the court. The notice of levy was enough to create the lien. Technically, the transfer to the sheriff may have violated the automatic stay, but it did not extinguish the lien. The bank was apparently unaware of the debtor's bankruptcy case, and no purpose would be served by requiring the funds to be transferred back to the bank.

Accordingly, PCB had a valid lien on $20,000 when the bankruptcy case was filed. It is possible that the holder of a valid lien may release that lien after a bankruptcy is filed. The court does not have enough facts before it to ascertain whether the purported release by the sheriff extinguished the lien and will reserve that issue for the future, along with the issues regarding whether the lien was a preference or other avoidable transfer.

Based on the foregoing, the motion for turnover is **DENIED** as to $20,000.  To the extent the sheriff holds funds in excess of $20,000, those funds are to be returned to the debtor.  Because the notice of levy was sufficient to create a lien on the funds in the debtor's account, the lien was not affected by the turnover of the funds to the sheriff.

**SO ORDERED.**

**DATED:  July 28, 2005**

A. Thomas Small
United States Bankruptcy Judge