UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                               CASE NO.

PINAL J. SHAH                                        05-01929-5-ATS

    DEBTOR

**ORDER DENYING OBJECTION TO CONFIRMATION AND ALLOWING DEBTOR'S MOTION TO AVOID JUDGMENT LIEN OF PEOPLES COMMUNITY BANK**

Pending before the court are the objection to confirmation filed by Peoples Community Bank ("PCB") and the motion to avoid judgment lien of PCB filed by the chapter 13 debtor, Pinal J. Shah. A hearing was held in Raleigh, North Carolina, on November 9, 2005. As announced at the conclusion of the hearing, and for the reasons that follow (including additional modifications to the debtor's plan), PCB's objection to confirmation of the debtor's amended chapter 13 plan will be denied, and the debtor's motion to avoid PCB's judgment lien will be allowed.

The history of this case and some of PCB's several bases for objection to the debtor's chapter 13 plan are set forth in this court's order of July 8, 2005. That order allowed the debtor's motion to avoid PCB's judicial lien on the debtor's interest in her residence in Morrisville, North Carolina, subject to confirmation of the debtor's chapter 13 plan. The order postponed consideration of PCB's contentions that the debtor's plan was not filed in good faith.

PCB now asserts that the debtor's chapter 13 plan should not be confirmed because it was filed in bad faith, fails to meet the disposable income test, and fails to meet the liquidation test. PCB held this position with respect to the debtor's original plan, and reasserts it now as to the debtor's amended chapter 13 plan, which was filed on October 8, 2005.

PCB argues generally that the debtor's amended plan was filed in bad faith with the objective of getting rid of the debt to PCB, while paying every other creditor in full. The amended plan does not satisfy the good faith requirement of 11 U.S.C. § 1325(a)(3), PCB argues, and cannot be squared with the factors identified in Neufeld v. Freeman, 794 F.2d 149 (4th Cir. 1986) and long cited in this circuit as establishing the primary features that distinguish a good faith plan filing from a bad faith plan filing. More particularly, PCB states that the amended plan fails to commit all of the debtor's disposable income to the plan, proposes the exact same monthly payment to creditors as the original plan despite the debtor's $800 monthly increase in gross wages and other shifts in expenditures that should work to the benefit of creditors but do not, and is predicated on an "absurdly low income" attributed to the debtor's spouse.

PCB cites the debtor's intent to retain two timeshare units in Tahiti and Hawaii (at a combined cost of $100 per month) as a particularly egregious example of the debtor's intent to carry on with

2

a pre-petition lifestyle at the expense of PCB, and takes exception to the amended plan's listing of the debtor's nonfiling spouse's net annual income as $15,900, given that Dr. Shah earned over $116,000 in the prior year.  Because the debtor is maintaining her own lifestyle preferences and meeting her spouse's expenses prior to satisfying obligations to her creditors, PCB concludes, the amended plan cannot satisfy the Neufeld good faith analysis.   The court is familiar with and has considered the Neufeld factors in the context of this case.  The court heard testimony by both the debtor and her spouse during the hearing, as well as the comments of the trustee, who stated that he did not see a significant good faith problem.  The trustee stated that his concerns could be alleviated by specific actions on the part of the debtor and her spouse, namely an agreement to sell one of the timeshare units and to provide regular reports of Dr. Shah's income from the new dental practice, given that establishing the practice has factored so significantly into the debtor's allocation of her income to shared household expenses and to payment of Dr. Shah's creditors.  The debtor, and Dr. Shah, indicated their agreement with these terms.  Based on the evidence presented, the court finds that the case and the plan were filed in good faith.

The court also considered PCB's other objections to confirmation and finds that with modification the plan meets the disposable income and liquidation tests.  The debtor has agreed to sell one of the

3

timeshare units and to contribute her one-half interest in the proceeds to the plan.  The debtor's spouse will provide reports to the trustee every six months, and will include in them such information as the trustee may reasonably request.  The trustee may seek modification of the plan if the debtor's or Dr. Shah's changing financial picture warrants a change.  Finally, the debtor will make payments for the standard 36-month plan period, but will increase the amount to $1,400 per month, which will account for and commit any excess disposable income that could be realized by adjustments to phone and cable service, grooming expenses, and the like.  The debtor may elect to make up the difference between the required $1,400 monthly payment and that originally proposed either by extending the plan to allow for one or two additional payments at the end of the 3-year plan, or by making lump-sum payments earlier in the plan, at her option.

   Also addressed during the hearing was the debtor's motion to avoid PCB's prepetition judicial lien of approximately $39,000 on real property owned by the debtor and her spouse and located at 10466 Pippen Road, Cincinnati, Ohio.  The property is valued at $142,000, and is subject to two mortgages, which together total $128,913.  The debtor asserts that she owns half of the property, that her half interest in it is $71,000, and that because the full value of the mortgage balances exceed the amount of her half interest, the entire lien should be avoided under In re Cozad, 208 B.R. 495 (10th Cir. BAP 1997).  PCB

4

responds that the full value of the property rather than the debtor's half-value is the appropriate starting point, and that the debtor may avoid the lien only to the extent of her exemption.  The court agrees with PCB, and the prepetition judicial lien will be avoided, but only to the extent that it impairs the debtor's exemption under North Carolina General Statute § 1601(a)(2).  The avoidance will take effect only upon confirmation of the debtor's chapter 13 plan.  The formula provided by the debtor, and adopted by the court, is as follows:

```
FMV of property: $142,000
Minus two consensual mortgage payoffs: $128,913
Equals: $13,087
Multiplied by .5
Equals: $6,543.50
Minus the debtor's exemption of $3,499
Equals: $3,044.50
```

The judicial lien held by Peoples Community Bank will be reduced in amount to the remaining balance of $3,044.50.

For the foregoing reasons, PCB's objection to confirmation of the debtor's amended chapter 13 plan is **DENIED**.  The debtor's motion to avoid the judicial lien of PCB on the Ohio property is **ALLOWED**.  A separate order will be entered confirming the plan, and when the debtor's plan is confirmed, an order will be entered

avoiding the lien to the extent that it impairs the debtor's exemption.

**SO ORDERED.**

**DATED:   November 15, 2005**

A. Thomas Small
United States Bankruptcy Judge